IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE P. OLIVIER,<br><br>    Plaintiff,<br><br>v.<br><br>T. KLEE,<br><br>    Defendant. | No. C 11-03663 SBA (PR)<br><br>**ORDER RE PENDING MOTIONS**<br><br>Dkt. Nos. 18, 23, 25, 38, 39, 42, 48 and 49 |

On July 27, 2011, Plaintiff Maurice P. Olivier, a state inmate currently incarcerated at Pleasant Valley State Prison (PVSP) in Coalinga, California, filed this pro se civil rights action under 42 U.S.C. § 1983 against Defendant T. Klee. Plaintiff alleges that Defendant, the Clothing Supervisor at the Correctional Training Facility (CTF) where Plaintiff was previously incarcerated, failed to provide him with a jacket for approximately two weeks (from December 27, 2010 through January 10, 2011) during the Winter because a correct size was not available. As a result, Plaintiff alleges that he suffered personal injuries from the exposure to the cold. The Court screened the Complaint and liberally construed Plaintiff's allegations as presenting a cognizable claim under the Eighth Amendment. Pursuant to the Court's Order of Service, Defendant filed a motion for summary judgment on September 12, 2012, which remains pending and unopposed. (Dkt. 27.)

Presently before the Court are the following matters filed by Plaintiff: (1) motion for priority access to prison law library (Dkt. 18); (2) first motion to compel discovery and for sanctions (Dkt. 23); (3) motion for *in camera* inspection and categorization of evidence (Dkt. 25); (4) motion to appoint a meteorologist and physician as expert witnesses (Dkt. 38); (5) motion to continue the deadline for his opposition to Defendant's motion for summary

1  judgment (Dkt. 42); (6) second motion to compel discovery and sanctions (Dkt. 48); and (7)
2  motion to forward copies of exhibits (Dkt. 49).  Also, before the Court is Defendant's motion
3  to stay discovery.  (Dkt. 39).  The Court discusses these motions below.

## I. Plaintiff's Motion for Priority Access to Prison Law Library

Plaintiff requests that the Court order the CTF law library supervisor to provide him with priority law library access.  (Dkt. 18).  However, this request is now moot, as Plaintiff has been transferred to PVSP.  Accordingly, Plaintiff's motion is DENIED.

## II. Defendant's Motion to Stay Discovery and Plaintiff's Motion to Continue

Defendant moves to stay discovery until his motion for summary judgment based on qualified immunity is adjudicated.  (Dkt. 39.)  Separately, Plaintiff moves "to continue" his opposition to Defendant's motion for summary judgment under Federal Rule of Civil Procedure 56(d) on the grounds that Defendant has not responded to his outstanding discovery requests.  (Dkt. 42.)[1]  The Court liberally construes Plaintiff's request as one to continue the deadline for his response to Defendant's motion in order to allow Plaintiff time to take discovery.

Defendant's summary judgment motion presents arguments on the merits and on the basis of qualified immunity.  (Dkt. 27.)  "[Q]ualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"  Pearson v. Callahan, 555 U.S. 223, 231 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).  "Qualified immunity is 'an immunity from suit rather than a mere defense to liability.'"  Conner v. Heiman, 672 F.3d 1126, 1130 (9th Cir. 2012) (internal quotations and citation omitted).

"The threshold inquiry a court must undertake in a qualified immunity analysis is whether plaintiff's allegations, if true, establish a constitutional violation."  Hope v. Pelzer, 536 U.S. 730, 736 (2002); see also Saucier, 533 U.S. at 201.  If the allegations make out a

---

[1] Rule 56 (d) of the Federal Rules of Civil Procedure was formerly numbered 56(f).

2

constitutional violation, the Court must also determine whether the right alleged to have been violated is "clearly established." Saucier, 533 U.S. at 201. A court determining whether a right was clearly established looks to "Supreme Court and Ninth Circuit law existing at the time of the alleged act." Cmty. House, Inc. v. Bieter, 623 F.3d 945, 967 (9th Cir. 2010) (citing Osolinski v. Kane, 92 F.3d 934, 936 (9th Cir. 1996)). Whether an act as alleged by the plaintiff is a violation of a federal right and whether the right was clearly established at the time of the violation are pure legal questions for the court. See Martinez v. Stanford, 323 F.3d 1178, 1183 (9th Cir. 2003).

The objective of the qualified immunity doctrine is to ensure "that 'insubstantial claims' against government officials be resolved prior to discovery and on summary judgment if possible." Anderson v. Creighton, 483 U.S. 635, 640 n.23 (1987) (citing Harlow, 457 U.S. at 818-19). As such, a district court generally should stay discovery until the issue of qualified immunity is resolved. See Crawford-El v. Britton, 523 U.S. 574, 598 (1998); Harlow, 457 U.S. at 818; Dimartini v. Ferrin, 889 F.2d 922, 926 (9th Cir. 1989). Nonetheless, discovery as to the issue of qualified immunity may be necessary where the parties dispute the actions taken by defendants that form the basis of the plaintiff's claim. See Anderson, 483 U.S. at 646 n.6. Here, Defendant's qualified immunity argument assumes the truth of Plaintiff's version of events. Accordingly, no discovery is necessary. Id. Accordingly, Defendant's motion to stay discovery until the Court has ruled on the issue of qualified immunity, as raised in his motion for summary judgment, is hereby GRANTED.[2] In view of this determination, Plaintiff's request for additional time to respond to Defendant's motion in order to obtain discovery is DENIED as moot.

At this time, Plaintiff's opposition to Defendant's summary judgment motion is overdue. However, because Plaintiff appears to have been under the mistaken belief that

---

[2] If, upon review of Plaintiff's response to Defendants' summary judgment motion and Defendant's reply thereto it becomes apparent that the issue of qualified immunity cannot be resolved without narrowly tailored discovery, the Court will permit such discovery at that time and defer ruling on the issue until such discovery is conducted. Anderson, 483 U.S. at 646 n.6. At this juncture, however, no such discovery appears to be required.

discovery is necessary to respond to Defendant's qualified immunity argument, the Court sua sponte extends the deadline for Plaintiff to file an opposition. Plaintiff shall file his opposition no later than twenty-eight days from the filing date of this order. The opposition shall address only Defendant's qualified immunity argument. Defendant shall file his reply fourteen days thereafter.

### III.     Plaintiff's First Motion to Compel Discovery

In his first motion to compel discovery, Plaintiff avers that on May 6 and June 22, 2012, he served requests for production of documents upon Defendant to which he has received no response. (Dkt. 23.) Since discovery is now stayed, Plaintiff's motion to compel is now moot. Plaintiff's motion also fails for other reasons.

As to the May 6, 2012 discovery request, Defendant argues that the motion to compel should be denied on the grounds that the request was served before he became a party in this action. The docket indicates that Defendant's waiver of service of summons was filed on May 17, 2012. See Dkt. 21. Defendant thus became a party to this action on that date. See Fed. R. Civ. P. 4(d)(4) (defendant is considered served at time waiver of service of process filed). Because a request for production of documents is authorized only after a defendant is served with process, see Venezia v. Robinson, 16 F.3d 209, 212 (7th Cir. 1994), Defendant had no obligation to respond to the May 6, 2012 discovery request. Therefore, the motion to compel based upon the May 6, 2012 request is DENIED.

As to the June 22, 2012 request, Defendant points out that the motion lacks a certification that Plaintiff met and conferred or attempted to meet and confer with him prior to filing the motion to compel, as required by Rule 37(a)(1) of the Federal Rules of Civil Procedure. Because Plaintiff's motion lacks the required certification, the motion to compel

4

1  based upon the June 22, 2012 request is DENIED without prejudice.[3]  Since the motion to
2  compel has been denied, the Court also DENIES Plaintiff's request for sanctions.

### IV. Plaintiff's Second Motion to Compel Discovery

Plaintiff moves to compel Defendant to respond to interrogatories and document requests, dated August 16, 2012, and August 27, 2012, respectively.  (Dkt. 48.)  He also seeks sanctions based on Defendant's failure to provide responses.

As set forth above, Plaintiff's motion is moot as a result of the Court's decision to stay discovery pending resolution of the qualified immunity issue.  In addition, Plaintiff's motion fails to comply with the Local Rules, which, inter alia, require him to set forth each request and response in full and provide the basis for his purported entitlement to the information or documents requested.  See Civ. L.R. 37-2.  Plaintiff should be aware that although he is acting pro se (i.e., without an attorney) he nevertheless remains obligated to follow the same rules as represented parties.  See Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995); Swimmer v. I.R.S., 811 F.2d 1343, 1344 (9th Cir. 1987).  Accordingly, Plaintiff's motion to compel and request for sanctions are DENIED.

### V. Plaintiff's Motion to Appoint Expert Witnesses

Plaintiff requests that the Court appoint a meteorologist and physician as expert witnesses to inform the Court and the jury regarding how exposure to the cold without a jacket affects the human body.  (Dkt. 38.)

Rule 706 of the Federal Rules of Evidence allows a court to appoint a neutral expert when the evidence consists of complex scientific evidence.  Noble IV v. Adams, No. 1:03-cv-05407-AWI-SMS-PC, 2009 WL 3028242, *1 (E.D. Cal., Sept. 16, 2009) (citing McKinney v. Anderson, 924 F.2d 1500, 1511 (9th Cir. 1991)).  Federal Rule of Evidence 702 provides that "[i]f scientific, technical, or other specialized knowledge will assist the trier of

---

[3] For future reference, Plaintiff should be aware that prior to bringing a motion to compel, Plaintiff must make a good faith effort to resolve the discovery dispute by communicating his concerns to Defendant.  The Court will not consider any motion to compel that lacks the requisite meet and confer certification.

fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise." Here, Plaintiff has failed to demonstrate that the issue regarding the effect of not having a jacket during the Winter is sufficiently complex as to require the testimony of an expert witness to assist the trier of fact. Therefore, this motion is DENIED.

## VI.     Plaintiff's Motion for Copies of Exhibits

Plaintiff requests the Court to send him copies of the exhibits which he attached to his motion to compel. (Dkt. 49.) In support of this request, Plaintiff states that he was unable to make copies before he submitted the motion due to the obstinance of prison staff. Plaintiff's request is GRANTED. The Clerk shall send a copy of Docket 48 (motion and exhibits) to Plaintiff. Plaintiff is advised the further requests for documents will be subject to a copying charge of $0.50 per page.

## VII.    Plaintiff's Motion for *In Camera* Inspection

Plaintiff's motion for *in camera* inspection, liberally construed, is a motion to compel production of documents requested by Plaintiff in his Third Set of Requests for Production. (Dkt. 25.) In view of the Court's stay of discovery, the motion is moot. In addition, Plaintiff failed to certify that he met and conferred with Defendant prior to bringing his motion, as required by Federal Rule of Civil Procedure 37(a). Accordingly, Plaintiff's motion for in camera inspection is DENIED.

## VIII.   Instructions for Opposing Defendant's Summary Judgment Motion

In its Order of Service, the Court, in accordance with the holding of Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998), explained to Plaintiff what he must do in order to oppose a motion for summary judgment. A recent decision from the Ninth Circuit, however, requires that pro se prisoner-plaintiffs be given "notice of what is required of them in order to oppose" summary judgment motions at the time of filing of the motions, rather than when the district court orders service of process or otherwise before the motions are filed. Woods v. Carey, No. 09-15548, slip op. 7871, 7874 (9th Cir. July 6, 2012). Accordingly, the Court

6

now provides the following notice to Plaintiff for his information in connection with Defendant's pending motion for summary judgment:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

Rand, 154 F.3d at 962-63.

The Court directs the parties to abide by the revised briefing schedule on Defendant's motion for summary judgment outlined below.

## **CONCLUSION**

IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion for law library access (Dkt. 18) is DENIED.

2. Defendant's motion to stay discovery (Dkt. 39) is GRANTED.

3. Plaintiff's motion to continue the deadline for his opposition to Defendant's motion for summary judgment (Dkt. 42) is DENIED.

4. Plaintiff's first motion to compel discovery and for sanctions (Dkt. 23) is DENIED.

5. Plaintiff's second motion to compel discovery and for sanctions (Dkt. 48) is DENIED.

6. Plaintiff's motion to appoint expert witnesses (Dkt. 38) is DENIED.

7. Plaintiff's motion for copies of exhibits (Dkt. 49) is GRANTED. The Clerk shall send Plaintiff a copy of Dkt. 48.

8. Plaintiff's motion for *in camera* inspection (Dkt. 25) is DENIED.

9. The Court sua sponte grants Plaintiff additional time to respond to Defendant's motion for summary judgment, specifically with respect to his argument for qualified immunity. Plaintiff's opposition to Defendant's motion for summary judgment based on qualified immunity is due **twenty-eight (28) days** from the date this Order is filed. Defendant shall file a reply within **fourteen (14) days** after he is served with Plaintiff's opposition.

10. This Order terminates Docket Nos. 18, 23, 25, 38, 39, 42, 48 and 49.

IT IS SO ORDERED.

DATED: Feb. 7, 2013

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

G:\PRO-SE\SBA\CR.11\Olivier3663 Mos REV 2-5-13 REVISED KF.wpd 8

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

MAURICE P. OLIVER,

        Plaintiff,

  v.

T.KLEE et al,

        Defendant.

Case Number: CV11-03663 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 8, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Maurice P. Olivier F83603
Pleasant Valley State Prison
P.O. Box 8500
Coalinga, CA 93210

Dated: February 8, 2013

                                Richard W. Wieking, Clerk
                                By: Lisa Clark, Deputy Clerk

G:\PRO-SE\SBA\CR.11\Olivier3663 Mos REV 2-5-13 REVISED KF.wpd 9