UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MAURICE P. OLIVIER,<br><br>     Plaintiff,<br><br>  vs.<br><br>T. KLEE,<br><br>     Defendants. | Case No: C 11-3663 SBA (pr)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL**<br><br>Docket 54, 55 |

On May 1, 2012, Plaintiff, a California prisoner who is proceeding pro se in this civil rights action, filed a motion for appointment of counsel. Dkt. 55. However, the motion was never docketed in ECF. On February 6, 2013, Plaintiff filed a motion requesting docket number, in which he indicates that the aforementioned motion for appointment of counsel has not been docketed. Dkt. 54. Upon receiving such notification, the Clerk entered the motion for appointment of counsel into the docket. Thus, the Court now addresses the merits of the motion for appointment of counsel.

As a general matter, a civil litigant has no constitutional right to counsel. Lassiter v. Dept. of Soc. Servs., 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts have the discretion to appoint counsel for indigent persons, but only in "exceptional circumstances." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate her claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)). Here, it is premature to evaluate the likelihood of success on the merits of Plaintiff's claims. Nonetheless, Plaintiff has been able to present

1  his claims in an adequate manner and there otherwise are no exceptional circumstances
2  warranting appointment of counsel at this time.  Accordingly,
3      IT IS HEREBY ORDERED THAT:
4      1.    Plaintiff's motion for docket number (Dkt. 54) is GRANTED.
5      2.    Plaintiff's motion for appointment of counsel (Dkt. 55) is DENIED.
6      3.    This Order terminates Docket 54 and 55.
7      IT IS SO ORDERED.
8  Dated:  2/14/13

                                  _____
                                  SAUNDRA BROWN ARMSTRONG
                                  United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

MAURICE P. OLIVER,

        Plaintiff,

  v.

T.KLEE et al,

        Defendant.
_____/

Case Number: CV11-03663 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 14, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Maurice P. Olivier F83603
Pleasant Valley State Prison
P.O. Box 8500
Coalinga, CA 93210

Dated: February 14, 2013

                                Richard W. Wieking, Clerk
                                By: Lisa Clark, Deputy Clerk

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15  G:\PRO-SE\SBA\CR.11\11-3663 - Olivier - Order Den Mot for App Cnsl.docx
16
17
18
19
20
21
22
23
24
25
26
27
28